255 So.2d 608

**Samuel J. KELLY, alias**

v.

**STATE.**

**3 Div. 87.**

Court of Criminal Appeals of Alabama.

Dec. 7, 1971.

———◆———

Hugh M. Caffey, Jr., Brewton, for appellant.

William J. Baxley, Atty. Gen., and Don C. Dickert, Asst. Atty. Gen., for the State.

PER CURIAM.

The appellant was convicted in the Circuit Court of Escambia County, of assault with intent to murder and sentenced to 10 years imprisonment, and from this judgment of the court, he appeals.

The appellant entered a plea of not guilty and not guilty by reason of insanity, but, apparently, abandoned the plea of not guilty by reason of insanity, as no evidence pertaining to this plea was offered at the trial.

■ In view of the refused written charges Nos. 1 and 2 requested by the appellant, which are affirmative in nature, it is appropriate to set out a brief outline of the testimony offered.

On the night of September 1, 1970, Walter Boykin walked out of the La Sabre Club, situated in Atmore, Alabama, and started in the direction of the pool room operated by him, which was a short distance away. He had been at the La Sabre Club approximately one hour or more immediately beforehand, and as he approached the pool room, he was shot twice in one leg with a 30/30 caliber rifle by Sammy Kelly, the appellant. Kelly was

sitting in his automobile, a short distance away. Boykin fell to the ground, but managed to crawl to the door and inside the pool room, while Kelly remained on the outside. From the testimony, it does not appear that any word was spoken by either of the parties or anyone else at the time. As a result of the shooting a part of Boykin's leg was amputated, after emergency treatment by a local doctor, who sent him to a hospital. This seems to be the gist of the testimony offered by the State.

The appellant did not deny the shooting, but offered several witnesses who testified to one or more former difficulties between Boykin and the appellant, and also as to some threats apparently made by Boykin. The court appears to have been lenient in allowing this testimony, since there is no evidence of self defense in the record. In the main, this is the gist of the testimony offered by the appellant.

We hold, under the testimony, that the court properly refused to give the said charges one and two and committed no error in submitting this case to the jury.

No motion to exclude the evidence was made during the trial and no motion for a new trial thereafter. However, the court refused seven (7) written charges by the appellant, including charges one and two mentioned hereinbefore.

The refused charges other than those affirmative in nature, were fairly and substantially covered by the court's oral charge and charges given at defendant's request, therefore the charges were refused without error.

This court has examined the record in this case and has failed to find any error of a reversible nature. Therefore, the case is due to be affirmed.

The foregoing opinion was prepared by W. J. Haralson, Supernumerary Circuit Judge, and was adopted by the court as its opinion.

Affirmed.